UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **SOUTHERN GROWERS, INC.** | : |
| **P. O. BOX** | |
| **Covington, Tennessee 38019** | : |
| | |
| and | : |
| | |
| **THOMAS BURRELL** | : |
| **7616 Chapel Creek Park, North** | |
| **Cordova, Tennessee 38016** | : |
| | |
| **Plaintiffs,** | : |
| | |
| vs. | : |
| | |
| **ANN M. VENEMAN, Secretary** | :   **JURY TRIAL REQUESTED** |
| **THE UNITED STATES** | |
| **DEPARTMENT OF AGRICULTURE** | : |
| **14th and Independence Avenue, SW** | : |
| **Washington,  D. C. 20250** | : |
| | |
| **JAMES LITTLE, USDA Farm Service** | : |
| **Agency Administrator,** | |
| **14th and Independence Avenue, SW** | : |
| **Washington,  D.C. 20250** | |
| | : |
| **LINDA BARNES** | |
| **FSA County Supervisor** | : |
| **512 Mulberry Street** | |
| **Selma, Tennessee 38375** | : |
| | |
| **JAMES SANDERS** | |
| **Coordinator-Tennessee** | : |
| **Rural Development** | |
| **85 G. StoneBrook Place,** | : |
| **W Town Commons** | |
| **Jackson, Tennessee 38805** | : |

| | |
|---|---|
| **Frank Rogers** | : |
| **FSA Loan Program Specialists** | |
| **Room 531** | |
| **U S Court House Bldg.** | : |
| **801 Broadway** | |
| **Nashville, Tennessee 37203** | : |
| | |
| **L. V. Jackson** | : |
| **Tipton County UT Extension Office** | |
| **201 W. Washington Street** | : |
| **Covington, Tennessee  38019** | |
| | |
| **MARVIN SANDERLIN** | : |
| **880 Joe Sanderlin Road** | |
| **Stanton, Tennessee 38069** | : |
| | |
| **COACH  PERKINS** | : |
| **2760 Westfork Road** | |
| **Grand Junction, Tennessee 38039** | : |
| | |
| **RAYMOND  PERKINS** | : |
| **2760 Westfork Road** | |
| **Grand Junction, Tennessee 38039** | : |
| | |
| **BERRY WRIGHT** | : |
| **1020 Highway 179** | |
| **Covington, Tennessee 38019** | : |
| | |
| **PEGGY HAMLETT** | : |
| **605 Airway Blvd.** | |
| **Jackson, Tennessee    38301** | : |
| | |
| **_____** | : |

# COMPLAINT
## (FOR DECLARATORY JUDGMENT,  VIOLATIONS OF EQUAL CREDIT OPPORTUNITY ACT,   VIOLATIONS OF TITLE VI OF CIVIL RIGHTS ACT OF 1964, US CONSTITUTION,  CONTRACT INTERFERENCE AND OTHER RELIEF)

2

Plaintiffs Southern Growers, Inc. (SGI) and Thomas Burrell, on behalf of themselves complain of defendants as follows:

## NATURE OF THE CASE

This case involves the defendants' discrimination and retaliation against plaintiffs by conspiring and interfering with plaintiff's federal grant and contract to plant sweet potatoes.  The defendants in the above case are some of the same employees in the U. S. Department of Agriculture in the **Pigford v. Venenman**, 97 cv o1978, class action suit, in which, discrimination against black farmers during the period January 1983 to January 1997, by employees of the U.S. Department of Agriculture was stipulated to in the consent degree.  Plaintiff, Thomas Burrell and members of Plaintiff, SGI, organization were parties to the Pigford class action suit.  Plaintiffs contend that the defendants, willfully discriminated against the plaintiffs by 1) delaying and denying credit applications;  2) interfered with plaintiff's contract with black farmer to plant sweet potatoes.  These acts deprived the plaintiffs of equal and fair access to farm credit and programs; profits, good name (reputation)  and due process, resulting in damages to them.

## JURISDICTION

1.  Jurisdiction is founded upon 15 U.S.C. section 1691, 28 U.S.C. section 1331,  28 U.S.C. section 1343,  28 U.S.C. 2201, 42 U.S.C.  2000d and 5 U.S.C. 706.

**3**

## VENUE

2. Venue lies in this judicial district because the claim ultimately arose in this judicial district, and pursuant to 28 U.S.C. 1391 (e).

## PARTIES

3. Plaintiff Southern Growers Incorporated (SGI) is a non-profit, membership based cooperative of black farmers. There is a 250 membership base for SGI throughout the states of Tennessee, North Carolina, Arkansan, Georgia, Virginia and Alabama. All SGI members are life-long farmers or absentee farmers. SGI was incorporated in 2001. SGI timely applied for various grants and loans . The goal of SGI is to augment economic viability of minority farmers and cooperatives and create infrastructure in the development of a value added agricultural enterprise in the South.

4. Plaintiff, Thomas Burrell, is an African-American farmer and in the business of farming since 1976. Mr. Burrell is a member and President of SGI and President of the Black Farmers and Agriculturalists Association, Inc. Mr. Burrell is also a civil rights activist fighting discrimination on behalf of black farmers since 1979. He is also a party in the Pigford class action suit.

5. Defendant, Ann Veneman is Secretary of the United States Department of Agriculture ("USDA"), and is the federal official responsible for the administration of the statutes, regulations and programs which are the focus of this

action.

6.   Defendant, James Little, is the Chief administrator for the USDA's Farm Service Agency ("FSA") which provides commodity program benefits, disaster payments, farm loans and other farm credit benefits to U. S. farmers.

7.   Defendant, Linda Barnes is an employee of USDA/FSA , she was the loan officer of Coach Perkins and other members of SGI.

8.   Defendant, James Sanders , is an employee of USDA/FSA, and District Director of FSA in Tennessee.

9.   Defendant, Billy Lane is an employee of USDA/FSA , district's Tennessee office.

10.   Defendant, Frank Rogers, is an employee of USDA/FSA, district's Tennessee office.

11.   Defendant, Berry Wright, is a former employee of USDA/FmHA.

12.   Defendant, Peggy Hamlet is an employee at the Jackson, Tennessee Experimental station.

13.   Defendant, L. V. Jackson, was secretary of SGI, is a resident of Tipton County, Tennessee.

14.   Defendant, Marvin Sanderlin was Vice- President of SGI is a resident of Haywood County, Tennessee.

15.   Defendant, Coach Perkins, is a resident of Hardeman County, Tennessee.

16.   Defendant Raymond Perkins, son of Coach Perkins is a resident of Hardeman County, Tennessee.

## FACTUAL BACKGROUND

17.   On or about July 2001 SGI filed a grant proposal to the USDA Rural Development Agency in Washington, D.C. with the assistants of L. V. Jackson, an employee of the Tipton County University of Tennessee Extension office and Secretary of SGI.  The grant was to help SGI to economically refine a variety of fruits and vegetables, particularly sweet potatoes, to increase their value to end-users.

18.   On or about September 2001 the grant was tentatively approved by the USDA.

19.   On or about January 2002, L.V. Jackson opened a bank account at the Bancorp. South branch in Covington, Tennessee in the name of SGI.  Thomas Burrell and L. V. Jackson were the only signors on the account.

20.   In January 2001, Billy Lane, employee of the Rural Development Agency instructed Thomas Burrell that SGI would have to purchase a bond before it (Rural Development Agency) could authorize the grant.  Mr. Burrell objected, by contacting the USDA in Washington, D.C. on the grounds that no other corporations were required to offer such a bond.

21.   In February 2002, Marvin Sanderlin, vice-president of SGI, requested

a $15,000 personal loan from the SGI account.  Mr. Burrell denied the request.

22.   On March 2002, L. V. Jackson and Marvin Sanderlin both, without the knowledge of Thomas Burrell, withdrew $15,000 from SGI account, payable to Lura Jorman (Sanderlin's girlfriend), for Sanderlin's personal use.

23.   On April 2002 Linda Barnes an employee with the USDA/FSA, did meet with Burrell and Coach Perkins, a black farmer, and indicated that USDA would be willing to make a loan to Perkins for year 2002 to plant sweet potatoes. she indicated SGI would need to give Perkins a contract for the potatoes being used for collateral and the FSA office in Nashville needed to review the contract as well.

24.   In May 2002, Mr. Burrell on behalf of SGI, executed a contract with Coach Perkins and submitted it to Ms. Barnes for review.   She accepted and approved the contract.

25.   On or about May 2002 Coach Perkins and SGI signed a Grower Agreement and a Production Specification and Compensation Agreement to plant, cultivate and harvest sweet potatoes in Hardeman County, Tennessee.  SGI agreed to pay Mr. Perkins, a yield rate of 275 bushels per acre at a rate of ten dollars ($10.00) per bushel for a total of $2,750 per acre of sweet potatoes.

26.   On or about July 2002 Coach Perkins secured funds from the USDA's Farm Service Agency to plant approximately seventy (70) acres of sweet potatoes on his farm in Hardeman County, Tennessee.

27. On July 2002 Mr. Burrell, SGI, along with other black farmers in Tennessee, organized a "sit-in" in the local USDA office in Brownsville, Tennessee, to highlight the continued practice of race discrimination by USDA and its employees. Jim Little, chief administrator for FSA in Washington, D. C., characterized SGI and the black farmers involvement in this sit-in as "terrorist".

28. On July 5, 2002, all the members of SGI that applied for credit from USDA were denied by Mr Carey Johnson, District Director of FSA in Brownsville, Tennessee and Mr. James Little, FSA Administrator in Washington, D. C.

29. On July 8, 2002, Mr. Burrell, members of SGI and members of the Black Farmers of America BFAA meet with U. S. Agriculture Secretary Ann Veneman, her staff and James Little regarding the dire situation resulting from black farmers delayed or denied loans.

30. On about August 2002, Coach Perkins applied for funds with USDA to harvest the sweet potatoes under his contract with SGI, to finish the harvesting phase of the sweet potatoes.

31. On July 3. 2002 L. V. Jackson requested Thomas Burrell to make a personal loan of $25,000 from SGI account. Mr. Burrell refused.

32. On August 12, 2002 Burrell discovers that Mr. Jackson withdrew 9,000 from SGI account for personal use.

33. On or about August 2002 Mr. Burrell was informed by Linda Barnes and Frank Rogers that Mr. Perkins' loan was stalled. Mr. Rogers informed Mr. Burrell that Mr. Perkins did not need the loan or the equipment for harvesting based on information from Mr. Jackson and Mr. Berry Wright. Mr. Rogers informed Mr. Burrell that the matter would be reviewed on the national level.

34. On about August 2002, Coach Perkins applied for funds with USDA to harvest the sweet potatoes under his contract with SGI, to finish the harvesting phase of the sweet potatoes.

35. On about August 2002 Mr. Jim Little informed Mr. Burrell the loan, Mr. Perkins received in 2001 and 2002, should not have been granted by Ms. Barnes and they were informed by Mr. Jackson and Berry Wright that Mr. Perkins did not need the loan or the equipment.

36. On August 2002 Mr. Perkins (through) his son Raymond Perkins informed Burrell that he was not going to pursue the loan or the acquisition of the harvesting equipment. Mr. Perkins also informed him, on information from Berry Wright, SGI was responsible to secure harvesting equipment.

37. In September 2002, Burrell received a certified letter from Perkins stating that SGI was responsible for harvesting his sweet potatoes.

38. On September 8, 2002, Mr. Burrell, SGI and the BFAA held another sit-in at the office of FSA in Star City Arkansas. Mr. Jim Little was present and instructed the FSA officials to lock the farmers and their supports out of the

building.

39. Between September 2001 to August 2002, Berry Wright, Billy Lane, James Sanders, Linda Barnes, Ricky English, Jim Little and Frank Rogers in their individual and official capacities as Federal employees have delayed loans and credit to SGI and it members and interfered, obstructed SGI's contract with Coach Perkins for racial discrimination; retaliation for: the Pigford class action lawsuit; meetings with congressman and top agricultural officials and the sit-ins.

40. The Secretary of Agriculture knew or should have know the aforementioned employees had a history of discrimination against SGI and blacks farmers and were seeking retaliation against SGI and its members.

41. Between September 2001 thru August 2002, L.V. Jackson, Marvin Sanderlin, Coach Perkins, Peggy Hamlett and Raymond Perkins in their individual and official capacities aided and conspired with the aforementioned Federal employees to delay loans and credit to SGI members, SGI and interfered, obstructed SGI's contract with Coach Perkins.

42. Coach Perkins did not obtain the necessary funds to perform the job of harvesting the sweet potatoes consistent with the Grower's Agreement and the Production and Compensation Agreement.

43. Coach Perkins delayed the harvesting of the sweet potatoes until it was too late for the sweet potatoes to be harvested. The sweet potatoes rotted in

their fields.

44.     During the months of August thru September 2002 Raymond Perkins, L.V Jackson, Berry Wright and Peggy Hamlett did conspire to induce Coach Perkins to breach his contracts with SGI, by not obtaining the equipment necessary to harvest the 70 acres of sweet potatoes.

45.     During the months of August thru September, L.V. Jackson and Berry Wright did notify employees at USDA in Tennessee and Washington, D.C., that Coach Perkins did not need to borrow money to purchase the equipment necessary to harvest the seventy acres of sweet potatoes.

46.     SGI suffered monetary damages, humiliation and damage to its reputation and credit worthiness.

## COUNT I
**(Declaratory Judgment)**

47.     Plaintiffs, reallege paragraphs 1-46 above as fully set forth herein.

48.     Plaintiffs pray that this Court declare and determine, pursuant to 28 U.S.C. 2201, the rights of plaintiffs to equal credit and participation in defendants farm programs.

## COUNT II
### (Agency Action That is Arbitrary Capricious, An Abuse of Discretion, Not in Accordance With Law And In Excess of Statutory Jurisdiction; Contract Interference; Injunctive relief)

49. Plaintiffs, reallege paragraphs 1-46 above as fully set forth herein.

50. Defendant's acts of interfering and obstructing plaintiffs contract, denying and delaying grants and credit to plaintiffs was retaliatory and racially discriminatory and were not authorized nor justified by any statue, regulation and thus constitutes arbitrary, capricious and unlawful action.

51. Plaintiffs pray defendant's actions be enjoined and reversed as arbitrary, capricious, an abuse of discretion and not in accordance with law and in excess of defendant's statutory jurisdiction and in violation of the Fifth Amendment of the U.S. Constitution.

## COUNT III
### (Violation of Equal Credit Opportunity Act)

52. Plaintiffs reallege Paragraphs 1-46 above as if fully set forth herein.

53. Defendants' acts of interfering with plaintiff's contract, denying loans, Credit and other benefits was retaliatory and racially discriminatory and contrary to the requirement of such Act.

54. Plaintiffs pray defendant's actions be enjoined and reversed as arbitrary, capricious, an abuse of discretion, contrary and not in accordance with law, and in excess of Defendant's statutory jurisdiction.

## COUNT IV
### (Violation of Title VI of the Civil Rights Act of 1964 and the Fifth Amendment of the Constitution)

55. Plaintiffs reallege Paragraphs 1-46 above as if fully set forth herein.

56. Defendant's acts constitute a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d and the Fifth Amendment to the Constitution.

57. As a direct and proximate result of defendant's acts, plaintiffs have sustained damages, including payments rightfully due plaintiffs.

58. Plaintiffs pray for appropriate injunctive relief, to enjoin defendants from discriminatory and retaliatory actions.

## COUNT V
### (Breach of Contract)

59. Plaintiffs reallege paragraphs 1-46 above as fully set forth herein.

60. Defendants, Coach Perkins and Raymond Perkins actions are a breach of contract that resulted in a breach of contract and substantial loss of profit and reputation to plaintiff, SGI.

61. Plaintiffs pray for money damages for plaintiff, SGI for actual and consequential damages against defendants.

**WHEREFORE,** plaintiff, request this Court enter judgment against defendants as follows:

1. An Order declaring that plaintiffs were denied equal credit and other farm program benefits as a result of defendants' actions.

2. An Order declaring defendant's actions arbitrary, capricious, and abuse of discretion, not in accordance with the law, and in excess of defendants' statutory authority and jurisdiction.

3. An Order declaring defendants' actions to be a breach of plaintiffs' rights under the Equal Credit Opportunity Act.

4. An Order declaring defendants' actions to be a breach of plaintiffs rights under the Civil rights Act of 1964 and the Fifth Amendment for the Constitution.

5. An Order enjoining defendants from retaliatory and discriminatory acts against plaintiffs.

6. An Order enjoining defendants from intentionally interfering with Plaintiffs contracts.

7. An Order declaring defendant Coach Perkins in breach of contract and awarding plaintiffs actual damages.

8. An Order declaring defendants, L. V. Jackson and Marvin Sanderlin interfered with plaintiffs' contract and awarding actual and punitive damages.

9. An Order granting plaintiffs' attorneys' fees and costs pursuant to the Equal Access to Justice Act and the Equal Credit Opportunity Act, cost of suit, and all other relief that the Court determines proper and fair.

September 13, 2005

                                              Respectfully submitted,

                                              Bobby Henry, Jr, # 379277
                                              533 Gresham Place NW
                                              Washington, D.C. 20001
                                              (202) 319 0955