IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN GROWERS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | )  Civ. No. 05-1821 (JR) |
| v. | ) |
| | ) |
| MIKE JOHANNS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR PARTIAL DISMISSAL**

**Introduction**

The crux of the defendants' partial motion to dismiss is lack of jurisdiction. The defendants raise primarily three jurisdictional issues. The first one is standing: They assert that Mr. Burrell and SGI do not have constitutional standing to bring their suit because the relief they seek will not remedy the harm about which they complain. The primary harm the plaintiffs seek to remedy is past, present and future racial discrimination by the government defendants, whom have a documented history of racial discrimination. The primary remedy the plaintiffs seek is to enjoin those defendants (in their official and individual capacity) from continuing their

acts of racial discrimination.  The plaintiffs also seek to have the rights of the parties declared under Federal law.  The plaintiffs have constitutional standing to bring their suit because the relief they seek will remedy the harm.  The second jurisdictional issue raised was sovereign immunity; that the United States has not waived its immunity from suit with respect to plaintiffs' claims.  The government has waived its sovereign immunity under the Administrative Procedures Act (APA) for claims seeking non-monetary relief.  The Plaintiffs seek non-monetary relief against the government.  The third jurisdictional issue raised is the statue of limitation for the ECOA claim; the defendants contend that this is the government's waiver of its sovereign immunity[1].  As stated above, this is not the government's waiver but the APA.  All the plaintiffs' claims are sufficient under Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6).

## Facts

The essential facts the government over looked are:  that Mr. Burrell and SGI are black farmers presently engaging in farming and will continue in the future. This include applying for grants and credit from government and private entities (see Complaint paragraph 3,4,17,28 and 29); The

---

[1] Although in their motion to dismiss, the government contends it has not waived sovereign immunity.

plaintiffs are suing for more than just retaliation and loss of reputation. The cogent facts are the racial discriminatory acts and the racially motivated retaliation on the part of the government defendants (see Complaint paragraphs 20, 27,28,33,35,38,39,40,41,44 and 45).

### Argument

**1.     The Complaint Raises Official-Capacity Claims and Individual Capacity Claims.**

Contrary to the government's position in their motion to dismiss, The defendants have been or "will be' personally served consistent with Federal Rule of Civil Procedure 4(e).  James Little and Frank Rodgers have been individually served.  The other defendants Linda Barnes, James Sanders, Billy Lane and Rickey English will be served personally under Federal Rule of Civil Procedure 4 (i)(2)(B) and 4(e)(1).   Under Federal Rule 4 (e) (1) the out of state defendants can be personally served pursuant to the law of the state (long-arm statute) in which the district court is located.  Pursuant to D.C. Code 1981, Section 13 - 422, the court

can exercise personal jurisdiction over a person maintaining his principal place of business in the District of Columbia.  The plaintiffs submit, that under Federal statue, the principle place of business for the U.S. Department of Agriculture is the District of Columbia. The above reference defendants only work in satellite offices.   Under Federal Rule of Civil Procedure 4 (m) the plaintiffs have 120days from the date of filing the complaint to serve defendants.   The Complaint was filed September 14, 2005.   Under the rule plaintiffs have at least until January 14, 2006 to have the other defendants personally served.   The government's position is premature, as well as, its motion to dismiss.

   Moreover the Plaintiffs claims are related to the defendants' official and individual capacities.  As to their individual capacities, plaintiffs seek declaratory and injunctive relief related to the defendants personal acts of discrimination based on race (Complaint paragraphs 20, 27,28, 33, 35, 38, 39, 40, 41, 44 and 45), in addition to enjoining defendants' racially retaliatory acts of intentionally interfering with Plaintiffs contracts.

**II.  Mr. Burrell and SGI have Constitutional Standing to bring Claims.**

The government makes the incorrect assertion, in their Motion to Dismiss, that Mr. Burrell has only suffered monetary damages. Mr. Burrell contends in the complaint that he suffered from monetary damages and discrimination based on his race. He also suffered and "suffers" loss of reputation and his present and future ability to receive grants and credit (see complaint paragraph (1 – 58). The complaint states in paragraphs 1 – 46, that Mr. Burrell and SGI were and is presently in the business of farming, including applying for grants and loans from the government and private entities. SGI also suffered monetary loss, discrimination based on its race by the defendants and loss of reputation.

Mr. Burrell and SGI have standing because this court can remedy (enjoin) the present and future racially discriminatory acts of the government defendants. The government defendants continue to have direct and indirect influence over plaintiffs' grants and credit applications via the Department of Agriculture. The specific relief the plaintiffs seek from this court is to enjoin defendants from present and future racially discriminatory acts (personally and officially) and to declare the rights of

the plaintiffs, defendants and their legal relationship under 28 U.S.C. 2201.

The plaintiffs seek their monetary damages against the private defendants directly involved in the underlying contract. The plaintiffs are gravely concern about the present government defendants discriminating against their present and future grant and credit applications.

This court can remedy the harm suffered to the plaintiffs by enjoining the government defendants from present and future discrimination and declaring the legal rights of the parties. The plaintiffs have sufficient standing to raise these issues and seek these remedies.

## II.     The Government has waived its Sovereign Immunity.

The Federal government's general waiver of sovereign immunity in this case is the Administrative Procedure Act (APA), which waives immunity for lawsuits seeking relief other than money damages. 5 U.S.C. Section 702. In the case at bar, the plaintiffs complaint (Count II) refers to the APA, to the racially discriminatory acts and other actions by the defendants as arbitrary, capricious and unlawful. The plaintiffs are not seeking monetary damages from the government only injunctive and

declaratory relief. Plaintiffs primarily want to enjoin the government defendants from discriminatory acts presently and in the future. The plaintiff seeks monetary relief from the other private defendants.

The government alleges that there is an adequate alternative remedy to the APA: a claim under the ECOA. (yet it concedes this remedy is time-barred; thus equals a non-remedy). The ECOA would not be an adequate alternative remedy simply on its own, because the plaintiffs' claims are essential coupled with the other private parties under the underlying contract. Plaintiffs could not adequately adjudicate all the legal issues just under an ECOA claim. Thus, the APA does waive the government's sovereign immunity in the case at bar.

### III. Count II and IV States a Claim Upon Which Relief Can Be Granted.

The government contends that Count II and IV of plaintiff claims does not state a claim upon which relief can be granted because the Fifth Amendment's equal protection guarantee does not include a right to be free from retaliation. The government does not understand the crux of the plaintiffs' claims. Under the four corners of the complaint, the crux of the plaintiffs claim in Count II and IV are the racially discriminatory

acts (including the racially motivated retaliatory actions) of the defendants in denying grants and loans to the plaintiffs based on the fact that they are black farmers. The equal protection component of the Fifth Amendment's Due Process Clause does forbid such governmental action. Plaintiff are entitle to equitable relief under the Fifth Amendment.

**IV.     Count III is Timely.**

Plaintiffs are seeking injunctive and declaratory relief against the federal defendants not actual or punitive damages under the ECOA. Under these circumstances the Federal Courts have not considered the statue of limitation under ECOA a jurisdictional bar. The courts have concluded that applicants' rights under ECOA are limited, but not extinguished, after the statue of limitations has run. *Silverman v. Eastrich Multiple Investor fund,* 51 F.3d 28 (3rd Cir. 1995), *Sony Electronics, Inc. v. S.G. Putnam, Jr., 906 F. Supp. 228 (D.N.J. 1995).* The EOCA claim would not be a jurisdictional bar.

## V.     Count IV Should not be Dismissed in Part Because Title VI May Apply to the Federal Defendants.

The Plaintiffs Title VI claims in the complaint are primarily against the private defendants employed with the Tipton County University of Tennessee and the State of Tennessee.  To the extent the federal defendants conspired with these defendants to discriminate "under the color of State law" the plaintiff contends the federal defendants are liable under Title VI.  The federal defendants were in partnership with these defendants, in discriminating against plaintiffs. The named federal defendants did not seek to prevent or eliminate the racially discrimination by the defendants at the University and the State of Tennessee within their purview under federal statue. They operated in concert with them. This would make them culpable under Title VI. *Williams v. Glickman,* 936 F. Supp. 1 (D.D.C. 1996).

## Conclusion

For the above reasons, the court should deny defendants motion for partial dismissal.  The plaintiffs have constitutional standing to raise its claims, the government has waived its sovereign immunity and the statute of limitation issue in this case is not jurisdictional.

Dated: November 23, 2005

                                              Respectfully submitted,

                                              S/ Bobby Henry, Jr._____
                                              (D.C. Bar # 379277
                                              533 Gresham Place NW
                                              Washington, D.C.  20001
                                              (202) 319 – 0955

                                              Counsel for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that a copy of the Plaintiff's Opposition to Motion for Partial Dismissal was also mailed first class to the named defendants that have not obtained CM/ECF passwords.

                                              S/ Bobby Henry, JR.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN GROWERS, INC., et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )   Civ. No. 05-1821 (JR) |
| vi. | ) |
| | ) |
| | ) |
| MIKE JOHANNS, et al., | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Defendants' Motion for Partial Dismissal is hereby DEINED.

SO ORDERED.

ENTERED:   November ___, 2005


 

 

 
                                                   _____
JUDGE JAMES ROBERTSON
United Stated District Court for
The District of Columbia


cc:     Bobby Henry, Jr.
        533 Gresham Place NW
        Washington, D. C. 20001

MICHAEL SITCOV
JUSTIN M. SANSBERG

Attorneys
United States Department of Justice
Civil Division, Rm. 7224
20 Massachusetts Ave., N. W.
Washington, D.C. 20530