## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SOUTHERN GROWERS, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civ. No. 05-1821 (JR)** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **MIKE JOHANNS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STATMENT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO PERKINS' MOTION TO DISMISS AND /OR CHANGE VENUE

### Introduction

The cogent points in the defendants Ray Perkins and Coach Perkins motion are: The plaintiffs fail to state a claim because: 1. Statute of Limitation (Tennessee Code Annotated (2001) Title 47 Section 2-725 and The Voluntary Dismal of Mr. Burrell and Southern Growers State claims in State Court. 2. In convience of the Venue and failure to State a Claim for Relief.

1.  In terms of the statute of limitation, the defendants are referring to the claim of breach of contract, filed and voluntarily dismissed[1] in state court. The statue has not run on the claim (which is four years).  Additionally, the plaintiffs are not only suing defendants under the breach of contract, but also under federal claims (i.e., Count I {Declaratory Judgment} and Count IV {Title VI Civil Rights}; The plaintiffs and defendants, Perkins agreed to dismiss the state claims in state court " without prejudice" in order to pursue the federal defendants in Washington, D.C.   2.  The forum is not in convenient under the circumstances and facts of this case.  The plaintiffs clearly state a claim against the defendants in terms of breach of contract, conspiring with the federal defendants and others to discriminate against the plaintiffs.

## **Facts**

The relevant facts in terms of this motion are:  In May 2002 Mr. Burrell on behalf of SGI executed a contract with Coach Perkins (and son Ray Perkins) to plant, cultivate and harvest sweet potatoes in Tennessee.  In July 2002 Coach Perkins in formed Mr. Burrell that he secured "Federal Funds" to fulfill his contract (see complaint paragraph 24,25, and 26).  In

---

[1] The plaintiffs assume this is the "one year statute of limitations" the defendants are referring to. They are not specific.

August of 2002, Coach Perkins and Ray Perkins aided and conspired with L.

V. Jackson, Marvin Sanderlin and others (including the federal defendants)

to delay, interfere and obstruct Mr. Burrell and SGI in the aforementioned

executed contract (see complt. Paragraphs 41, 42, 43, and 44).   The

plaintiffs submit that these actions were done because they were Black

farmers.

## **Argument**

1.  **The Statute of Limitation on the Breach of Contract Claim
    and Voluntary Dismissal of State Claims.**

    The defendants state in their motion that the Tennessee statute has

run on the breach of contract claim.  This is basely false.  The statute

(Tenn. C. Ann. (2001) Title 47 Section 2-725, permits four years to

bring a claim.  The plaintiffs brought a claim in Tennessee Court on

December 31, 2003, which was within the statutory time period. Thus

the statute of limitation is not an issue.

    The Plaintiffs and defendants agreed to voluntary dismiss (without

prejudice) the state claims because plaintiffs were anticipating filing a

federal suit in Washington, D.C. against primarily the Federal

defendants and the Perkins for racial discrimination.  The Perkins

reneged on their agreement and continued their counterclaim

(basically personal claims against Mr. Burrell) in the Tennessee Court.

The Perkins are confused in terms of the claims that are brought against them. The Plaintiff's claims against the Perkins are more than just breach of contract (although the breach is an important fact). They are also pursuing federal claims: The Declaratory Judgment and The Title VI (civil rights claim) for conspiring with the Federal Defendants to discriminate against plaintiffs. These claims flow from the same factual predicates related to the breach of contract. This Court can assume jurisdiction in this case over the breach of contract through its ancillary jurisdiction over the federal claims.

**2.  In Convience of the Venue and Failure to State a Claim for Relief Can be Granted.**

The Perkins contends that the Washington D. C. venue is in convenient because they are "indigent", 71 years old (Coach Perkins), "can not read and can barely sign his name". The plaintiffs take exception to the defendants' characterization of themselves as indigent and can not read or sign his name (Coach Perkins). Mr. Coach Perkins and Ray Perkins negotiated, executed and signed a half million-dollar contract (including production specifications) with

plaintiffs, in May 2002 (see complaint paragraph 25 and 26).   Mr.

Coach Perkins has 70 acres of land on his farm, in which he was

going to plant and harvest sweet potatoes (himself).  He has also

retained a prominent attorney in Tennessee to pursue his personal

claims against Mr. Burrell.  This is hardly the picture of a frail,

indigent seventy year old that cannot read.  Moreover, the plaintiffs

will conduct all the depositions related to the Perkins in their home

locations.

The Washington, D.C. venue is essential because this is the

location where USDA's employees in terms of the discrimination and

retaliation made most of the crucial actions and decision.  This is also

the same venue that most of the same USDA employees were found to

be racially discriminatory against black farmers in the Pigford case

(*Pigford v. Venenman,* 97 cv o 1978).  Mr. Burrell, the members of

SGI and the federal employees are essentially some of the same

parties in that case, as in this one.

In reviewing the facts in the complaint: the racially

discriminatory actions of the defendants (see complaint paragraphs

24, 25, 26, 41, 42 and 43); the plaintiffs state a sufficient clam in

which this Court can grant relief against the defendants, Coach and

Ray Perkins.

December 2, 2005

Respectfully submitted,

S/ Bobby Henry, Jr. _____
(D.C. Bar # 379277
533 Gresham Place NW
Washington, D.C.  20001
(202) 319 – 0955
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a copy of the Plaintiff's Opposition to Perkins Motion for
Dismissal and/or Change of Venue was also mailed December 2, 2005
first class to the named defendants (below) that have not obtained
CM/ECF passwords.

Coach Perkins                          Ray Perkins
2760 Westfork Road                     203 6th Street
Grand Jct. Tennessee                   Fulton Kentucky
38039                                  42041


S/ Bobby Henry, JR.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SOUTHERN GROWERS, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civ. No. 05-1821 (JR)** |
| **vi.** | ) | |
| | ) | |
| | ) | |
| **MIKE JOHANNS,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Defendants' (Perkins) Motion for Dismissal and/or Change in Venue is

hereby DEINED.

SO ORDERED.

ENTERED:  December  ___,  2005

 

 

_____
JUDGE JAMES ROBERTSON
United Stated District Court for
The District of Columbia

cc:    Bobby Henry, Jr.
       533 Gresham Place NW
       Washington, D. C. 20001

Coach Perkins                      Ray Perkins
2760 Westfork Road                 203 6th Street
Grand Jct. Tennessee               Fulton Kentucky
38039                              42041


     MICHAEL SITCOV
     JUSTIN M. SANSBERG

     Attorneys
     United States Department of Justice
     Civil Division,  Rm.  7224
     20 Massachusetts Ave., N. W.
     Washington, D.C. 20530