UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SOUTHERN GROWERS, INC., *et al.*,  :
        Plaintiffs,  :
   v.  : Civil Action No. 05-1821 (JR)
ANN M. VENEMAN, *et al.*,  :
        Defendants.  :

**MEMORANDUM**

In this suit, Southern Growers, Inc., a non-profit, membership-based cooperative of black farmers, and Thomas Burrell, its president, have brought claims of discrimination, retaliation, and interference with contract against the United States Department of Agriculture, a number of its employees, and a number of private citizens, apparently SGI's own former members or associates.  The government defendants have moved to dismiss for failure to state a claim upon which relief can be granted [4].  The private citizen defendants (all appearing pro se, although no proof of service has been filed as to any of them) have responded variously to the complaint, one answering [13], one moving to dismiss for lack of personal jurisdiction [14], two moving to dismiss for improper venue [5].

The factual allegations of the complaint need only be outlined here.  The plaintiffs allege that ongoing racial discrimination against minority farmers by the USDA and its employees led them to protest and conduct sit-ins in July and

September 2002 at USDA offices in Brownsville, Tennessee, and Star City, Arkansas, and that, after and because of sit-ins that SGI organized, USDA and its employees interfered with their contractual relations with others and retaliated against them by delaying and denying federal agriculture grants.

Count I of the complaint, for declaratory judgment, asks for a declaration of plaintiff's rights to equal treatment and to participation in USDA's farm programs. It makes no standalone claim of wrongdoing, is dependent upon the other claims plaintiffs make, and survives only to the extent those claim survive defendants' motions.

Count II asserts violations of the Administrative Procedure Act (arbitrary, capricious, abuse of discretion, not in accordance with law). The government moves to dismiss on sovereign immunity grounds, urging that the Equal Credit Opportunity Act provides an "adequate remedy in court," 5 U.S.C. § 704. The Court of Appeals has very recently questioned that argument, however, see Garcia v. Johanns, 444 F.3d 625, 637 (D.C. Cir. 2006). Proceedings in this case will be stayed until the issue is resolved or clarified in Garcia and its companion case, Love, 439 F.3d 723 (D.C. Cir. 2006), and the USDA motion to dismiss Count II will be denied without prejudice.

Count III claims that defendants' acts of interfering with plaintiffs' contract and denying loans, credit and other benefits

were racially discriminatory and retaliatory in violation of the Equal Credit Opportunity Act.  This claim is time-barred and must be dismissed.  An ECOA claim must be brought within two years of an "adverse [credit] action" (e.g. a denial of credit), 15 U.S.C. § 1691e(f); see Haynie v. Veneman, 272 F. Supp. 2d 10, 15-17 (D.D.C. 2003).  The latest act of which plaintiffs complain occurred in September 2002.  The complaint was filed in September 2005.  An untimely ECOA claim may survive if it is made as a defense to another suit or claim, see [6] at 8, but that is not the situation here.

Count IV is an attempt to repackage plaintiff's allegations as violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Fifth Amendment to the Constitution. Title VI does not apply to programs administered by the federal government, see, e.g., Williams v. Glickman, 936 F. Supp. 1, 5 (D.D.C. 1996), however, and the Fifth Amendment does not confer a general right to be free from retaliation.  See, e.g., Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997)("A pure or generic retaliation claim ... simply does not implicate the Equal Protection Clause."); Grossbaum v. Indianapolis-Marion County Bldg. Auth., 100 F.3d 1287, 1296 n.8 (7th Cir. 1996)("[Equal Protection Clause] does not establish a general right to be free from retaliation").

Count V is for breach of contract. It is stated only against defendants Coach Perkins and Raymond Perkins and appears to be an attempt to federalize a cause of action that was initially brought in the state courts of Tennessee and then non-suited. Neither defendant resides in this district. It seems very unlikely that this court has personal jurisdiction of either of them, but it is obvious in any event that the merits of the contract claim, which involve 70 acres of sweet potatoes in Hardeman County, Tennessee, have no connection with this District. Count V will be dismissed for improper venue.

What remains of this case – a claim for declaratory and injunctive relief against the Secretary of Agriculture for violations of the Administrative Procedure Act – does not lie against the individual USDA employees who have been named as defendants and states no claim against the private citizen defendants.

All claims except Count I and the APA claim in Count II,[1] and all defendants except the Secretary of Agriculture, will be dismissed by an order issued with this memorandum.

JAMES ROBERTSON
United States District Judge

---

[1] The Fifth Amendment claim set forth in Count II will be dismissed for the same reason it is dismissed in Count IV.